Sharon PENDLETON a/k/a Sharon McCullar
*v.* STATE of Arkansas

CA CR 94-601                                896 S.W.2d 600

Court of Appeals of Arkansas
Division II
Opinion delivered April 5, 1995

*Norman M. Smith*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant Sharon Pendleton appeals from an order revoking her probation and sentencing her to serve ten years in the Arkansas Department of Correction. Her only argument on appeal is that she was denied her constitutional right to assistance of counsel.

On March 2, 1993, appellant pleaded guilty to the charge of "Hot Checks, a violation of 5-37-302, a Class 'C' Felony (three counts)" and was placed on supervised probation for a period of three years subject to certain conditions. On November 3, 1993, the State filed a petition to revoke alleging appellant violated the conditions of her probation.

On December 13, 1993, appellant was served with a copy of an order setting a hearing on the petition to revoke for December 20, 1993. On January 10, 1994, a letter dated January 7, 1994, was filed in which the court reset the revocation hearing for Jan-

uary 24, 1994, because "there is a conflict with another court setting."

On January 24, 1994, appellant appeared without an attorney and the following exchange took place:

THE COURT: Ms. Pendleton, do you have an attorney?

MS. PENDLETON: No, sir.

THE COURT: Why not?

MS. PENDLETON: Because I couldn't afford one.

THE COURT: Are you employed?

MS. PENDLETON: Yes, sir.

THE COURT: How long have you been employed?

MS. PENDLETON: Since, uh, July. Well, since I was fourteen. I've been working in Little Rock since then.

THE COURT: Have you talked to any attorneys?

MS. PENDLETON: Sir?

THE COURT: Have you talked to any attorneys?

MS. PENDLETON: Uh, I tried to contact Reggie McCollum [SIC], but, uh, he wasn't in his office.

THE COURT: That's because he doesn't have a license to practice law right now.

MS. PENDLETON: Oh, that's . . . okay.

THE COURT: Is he the only lawyer you talked to?

MS. PENDLETON: Yes, sir, tried to talk to, yes, sir.

THE COURT: You didn't talk to anybody around here?

THE DEFENDANT: Uh, no.

THE COURT: Any other lawyer in Little Rock, Pine Bluff, anywhere?

THE DEFENDANT: No, sir.

THE COURT: Let's see, you've known about this since

December the 10th, when it was set before.

MS. KNOLL (appellant's probation officer): You continued it for her to get an attorney.

THE COURT: Let's see. Actually, you've known about it since November. And it was re-set from December the 20th, to today so you could get an attorney. I'm going to assume that you have waived an attorney. So, just have a seat.

The court proceeded to hear the evidence and appellant appeared pro se. At the conclusion of the hearing, the trial court revoked appellant's probation and sentenced her to serve ten years in the Arkansas Department of Correction.

██ Appellant argues on appeal that she was denied her constitutional right to assistance of counsel. This argument is based on *Brooks* v. *State*, 36 Ark. App. 40, 819 S.W.2d 288 (1991). In *Brooks*, we said:

> The Constitutions of both the United States and the State of Arkansas guarantee an accused the right to have the assistance of counsel for his defense, and it is generally recognized that no sentence involving loss of liberty can be imposed where there has been a denial of counsel. This right extends to revocation hearings if sentencing is to follow revocation. Although the right to counsel is a personal right and an accused may knowingly and intelligently waive counsel at various stages of the proceedings, every reasonable presumption must be indulged against the waiver of this fundamental right.
>
> . . . The accused must have full knowledge and adequate warning concerning his rights and a clear intent to relinquish them before waiver can be found. Waiver of the right to counsel presupposes that the court has discharged its duty of advising appellant of his right to counsel, questioning him as to his ability to hire independent counsel, and explaining the desirability of having assistance of counsel during the trial and the problems attending one representing himself. This last requirement has been held especially important since a party appearing *pro se* is responsible for any mistakes he makes in the conduct of his trial and he receives no special consideration on appeal. The burden

is on the State to show that an accused voluntarily and intelligently waived his right to counsel. Presuming waiver from a silent record is impermissible.

36 Ark. App. at 43-44, 819 S.W.2d at 290 (citations omitted).

Here, the record does not show that appellant was informed of her right to counsel, the consequences of failure to obtain counsel, or the alternatives to pro se representation if she was unable to retain independent counsel. Although the trial court stated appellant's case was reset from December 20 so she could get an attorney, there is no evidence regarding any proceeding held December 20, 1993. We cannot tell from the record whether a hearing was actually held on that date. Moreover, the letter informing appellant that the hearing had been reset states it was reset due to "a conflict with another court setting." Further, when appellant was asked whether she had an attorney she stated she did not have an attorney because she could not afford one and there is no evidence that appellant was informed that the court would appoint counsel without expense to her.

On the record before us, we do not think the appellant waived her right to counsel.

The State argues that although appellant did not waive her right to counsel, she forfeited that right by appearing on January 24 without an attorney; without having spoken to one about representing her despite being given adequate time to obtain an attorney; and without reasonable excuse for not having obtained one. The State cites *Burns* v. *State*, 300 Ark. 469, 780 S.W.2d 23 (1989) and *Tyler* v. *State*, 265 Ark. 822, 581 S.W.2d 328 (1979), in support of this argument. However, we think these cases are distinguishable.

In *Burns*, a public defender was appointed to represent the appellant. Subsequently, the appellant asked for a new attorney because he did not feel he was being properly represented. The trial court denied appellant's request and appellant moved for a continuance in order to prepare his case. The trial court denied the continuance and asked appellant if he intended to represent himself. Appellant said he would if he could not get another attorney. Our supreme court held the trial court was correct in denying appellant's motion for a continuance. The court noted

appellant's appointed counsel was acting diligently and competently in his behalf; that the trial court made appellant well aware of the dangers and disadvantages of self-representation; that the trial court continually encouraged the appellant to use his appointed counsel, pointing out that the attorney was trained to go to court, while appellant was not; and that the trial court required appellant's appointed counsel to stand by and to assist when the circumstances dictated.

In *Tyler* the appellant engaged an attorney who filed a motion for discovery. The State was granted a continuance in order to comply with the motion and to better prepare for trial. On the morning of trial, appellant's attorney stated the defense was not ready and the appellant had discharged him because "defendant wants a continuance." Appellant did not deny the statement. The trial judge refused to reset the case remarking it seemed a ploy by people in the county to show up in court on the day of trial without counsel in order to get a continuance. The judge offered to try another case set for that day first so appellant could get an attorney and his witnesses while that trial was in progress. Appellant stated there was no way he could get his witnesses that day. When the judge stated it might be the next day before appellant's case was started and asked appellant if he desired the additional time, appellant responded there was not enough time to prepare a lawyer. The trial then proceeded. Our supreme court held it was not error to deny the continuance. It stated appellant's counsel was required to remain in the courtroom throughout the trial to assist appellant and during an in camera hearing on another matter the judge reminded appellant his attorney was present, sitting beside him in the courtroom, and ready to assist him in any way.

In the instant case, contrary to *Burns* and *Tyler*, appellant never had counsel, there is no evidence that the trial court made appellant aware of the dangers and disadvantages of self-representation, and there was no one sitting by to assist appellant if necessary. On the facts of this case, we cannot agree appellant forfeited her right to counsel.

Reversed and remanded.

JENNINGS, C.J., and ROGERS, J., agree.